**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

GEORGE HOLLOWAY, JR.,                    :
                                         :
    Petitioner,                       :
                                         :
vs.                                      :   CIVIL ACTION 06-00314-WS-B
                                         :
LEEPOSEY DANIELS[1],                     :
                                         :
    Respondent.                       :

<u>REPORT & RECOMMENDATION</u>

George Holloway, Jr., a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1).  The petition has been referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims, and no federal evidentiary hearing is required. <u>Kelley v. Secretary for Dep't of Corrections</u>, 377 F.3d 1317 (11th Cir. 2004).  Upon careful consideration, it is recommended that this action be dismissed, and that judgment be entered in favor of Respondent Leeposey Daniels and against Petitioner George Holloway, Jr.

---

[1]James DeLoach is no longer the Warden of the Draper Correctional Facility. Accordingly, pursuant to the provisions of Rule 25(d) of the Federal Rules of Civil Procedure, Leeposey Daniels, as Warden of that facility, is substituted for DeLoach as the proper Respondent in this action.

**FINDINGS OF FACT**

Holloway was convicted by a jury in the Mobile County Circuit Court on March 3, 2005, of two (2) counts of murder and was sentenced to concurrent terms of life imprisonment. (Docs. 1, 7). Holloway appealed his convictions.  On direct appeal, Holloway argued that his trial counsel, attorney Steve Dugan, provided ineffective assistance due to his lack of trial skills and poor cross-examination techniques, as well as his failure to lodge timely objections, present a "voluntary intoxication" defense, and understand jury instructions.[2] (Doc. 7, Ex. 1B).  On September 16, 2005, the Alabama Court of Criminal Appeals affirmed Holloway's convictions and sentences by memorandum opinion.  The appellate court concluded that Holloway's ineffective assistance of counsel claim was procedurally barred due to his failure to raise the claim before the trial court.[3] (Doc. 7, Ex. 1D).  Holloway did not file an application for rehearing, nor did he seek certiorari review in the Alabama Supreme Court. (Docs. 1, 7, 10).  The Alabama Court of Appeals entered a certificate of judgment on October 5, 2005. (Doc. 7, Ex.  1E).[4]

---

[2]Holloway was represented on appeal by attorney Al Pennington. (Doc. 1).

[3]Holloway v. State, 945 So. 2d 1103 (Ala. Crim. App. Sept. 16, 2005).

[4]Where further action is not undertaken upon a ruling by the appellate court, the certificate of judgment issues eighteen (18) days after the issuance of the court's opinion.  Ala. R. App. P. 41(a).

On May 17, 2006, Holloway filed a pro se Rule 32 petition challenging his convictions.  His Rule 32 petition was summarily denied by the trial court on June 27, 2006. (Doc. 1; see Doc. 7, Ex. 2B).  Holloway appealed the denial of his Rule 32 petition on August 7, 2006, and the Alabama Court of Criminal Appeals affirmed, on March 9, 2007, the trial court's denial of Holloway's petition. The appellate court found that each of Holloway's claims were abandoned on appeal or were precluded under Ala. R. Crim. P. 32.2(a)(5) because they could have been raised on direct appeal. (Docs. 7, Ex. 2B; 10, Ex. 3D). Holloway did not seek a rehearing, nor did he file an application for writ of certiorari with the Alabama Supreme Court. (Doc. 10). Accordingly, the Alabama Court of Criminal Appeals entered a certificate of judgment on March 28, 2007. (Doc. 10, Ex 3E).

Holloway filed the instant petition seeking habeas corpus relief in this Court on May 16, 2006[5].  Holloway is essentially asserting the same claims in this Court that he presented in his Rule 32 petition. Holloway alleges that: 1) the trial court was without jurisdiction over his cases and violated his rights under the Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution because the complaints and indictments

---

[5]Under the prison mailbox rule, the Court will assume that Petitioner actually delivered his petition to prison officials for mailing and filed his habeas petition on May 16, 2006, the date that it was signed and dated. Houston v. Lack, 487 U.S. 266, 271-272, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Washington v. United States, 243 F.3d 1299 (11th Cir. 2001).

from which they arose were defective, as were the arrest warrants;
2) he is entitled to the "open courts provision" in raising
constitutional violations in state court; and 3) he was denied a
complete transcript of his trial proceedings, thereby preventing
him from perfecting his appeal.[6] (Docs. 1, 10).

Respondent initially argued that Holloway's petition should be
dismissed because he has failed to exhaust his state court remedies
due to the fact that Holloway's appeal of the trial court's denial
of his Rule 32 petition was still pending when he filed the instant
action. (Doc. 7). Respondent argued that because state court
remedies were still available to Holloway, his habeas petition
should be dismissed. (Id.) Pursuant to the Court's Order dated
August 12, 2008, Respondent filed a Supplemental Answer wherein he
advised that Holloway's state post-conviction proceedings had
concluded. Respondent also argued that Holloway's petition should
nevertheless be dismissed because he failed to exhaust his claims
as required by 28 U.S.C. § 2254(b)(1). (Doc. 10). Respondent
submitted that because none of the claims raised in Holloway's
habeas petition were raised on direct appeal in the Alabama state
courts, nor were they properly raised in a Rule 32 petition, his
claims are procedurally defaulted and therefore subject to
dismissal. (Id. at 9).

_____

[6]Holloway actually listed six grounds for relief. However,
since many are similar in nature, they have been consolidated
into three.

For the reasons set forth below, the Court finds that Holloway is not entitled to habeas relief on the basis of any of his claims.

**CONCLUSIONS OF LAW**

Section 2254(b)(1) provides that a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State." "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  A state prisoner's failure to present his claims to the state courts in the proper manner results in a procedural default of those claims. Id., 526 U.S. at 848.

In addressing the proper manner in which a federal claim must be presented to the state court to prevent procedural default, the United States Supreme Court has stated:

> In Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971), we said that exhaustion of state remedies requires that Petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas Petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in

5

state court.

Duncan v. Henry, 513 U.S. 364, 365-66 (1995).   The exhaustion doctrine also requires that a Petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.   In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court. See Ala. R. App. P. 4, 39, 40.

Where the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief unless either the cause and prejudice exception or the fundamental miscarriage of justice exception is established.   Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001) (citing O'Sullivan, 526 U.S. at 848-49 and Coleman v. Thompson, 501 U.S. 722, 750 (1991)).   See also Gates v. Zant, 863 F.2d 1492, 1500 (11th Cir. 1989) ("A defendant who is procedurally barred from raising a federal constitutional claim in state court is also barred from raising the claim in a federal habeas petition unless he can show cause for and actual prejudice from making the default."); Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) ("If a state prisoner fails to raise a claim in state court, or attempts to raise a claim in an improper manner, and state

6

procedural rules preclude the state courts from hearing the merits of the claim, then the federal habeas court is also precluded from hearing its merits, absent a showing of cause and prejudice.").

In the instant action, the threshold question is whether Holloway

 fully and fairly presented his habeas claims to the Alabama courts by invoking one complete round of the State's established appellate review process. In Holloway's habeas claim 1, he asserts that the trial court lacked jurisdiction and violated his rights because the arrest warrants, the complaints and the indictments from which they arose were defective, namely because they did not contain written depositions, were based only on "bare bones" conclusions, and were not signed by a person authorized to do so. (Doc. 1).  In Holloway's habeas claim 2, he contends that he is entitled to the "open courts provision" in raising constitutional violations in state court, specifically that his constitutional rights were violated, that the complaints and arrest warrants issued against him were defective, and that his indictments were defective. (Id.) In his habeas claim 3, Holloway alleges that he was denied a complete transcript of his trial proceedings by his appellate counsel and/ or the trial court, which in turn prevented him from perfecting his appeal. (Id.)

The record reflects that Holloway raised each of the above-referenced claims for the first time in his Rule 32 petition. (Doc.

10, Exs. 3A, 3B, 3C, 3D).    The trial court, however, summarily

denied Holloway's request for relief.   On appeal, the Alabama Court

of Criminal Appeals found that Holloway's claim 1 and the portion

of claim 2 wherein he alleges that the complaints and arrest

warrants were defective and that his constitutional rights were

denied, were barred by Rule 32.2(a)(5), Ala.R.Crim.P., because they

could have been, but were not, raised and addressed on direct

appeal.[7] Further, the appellate court held that the portion of

Holloway's   claim   2,   which   attacked   the   defectiveness   of

Petitioner's indictments, and Holloway's claim 3 were abandoned,

and therefore precluded from review, because Holloway did not

pursue those issues in his brief on appeal. In its order dismissing

Holloway's appeal, the Alabama Court of Criminal Appeals found as

follows:

> Holloway filed his Rule 32 petition on May 17, 2006.
> Holloway's petition is disjointed and confusing. However,
> as best we can discern, Holloway alleged in his petition:
>
> > (1)  that the trial court lacked jurisdiction to
> >      render  the  judgments  or  to  impose  the
> >      sentences because, he said:
> >      (a)  the complaints and arrest warrants issued
> >           against  him  were  not  supported  by
> >           "written  depositions"  as  required  by  §
> >           15-7-2(b), Ala. Code 1975 (C. 27);
> >      (b)  the complaints and arrest warrants issued

---

[7](a) Preclusion of grounds.
A petitioner will not be given relief under this rule based upon
any ground:
> (5) Which could have been but was not raised on appeal,
> unless the ground for relief arises under Rule 32.1(b).
Ala.R.Crim.P. 32.2(a)(5).

      against him were only "bare bones"
      conclusions (C. 34);
   (c) the complaints and arrest warrants issued
      against him were signed using a "bogus
      and fictitious name" by someone
      unauthorized to issue complaints and
      warrants (C. 36);
  (2) that he was denied due process under the "open
    courts" provision of the Alabama Constitution
    because, he said:
   (a) the complaints and arrest warrants issued
      against him were defective for the
      reasons stated above;
   (b) the indictments were defective;
   (c) he was denied every constitutional right
      under the United States and Alabama
      Constitutions; and
  (3) that he was denied "an entire and complete
    copy" of the record from his trial because, he
    said, his appellate counsel failed to provide
    him with the record after his appeal concluded
    (C. 49.)

After receiving a response from the State, the circuit court summarily denied Holloway's petition on June 30, 2006.

  Initially, we note that Holloway does not pursue in his brief on appeal claims (2)(b) and (3), as set out above. Therefore, those claims are deemed abandoned and will not be considered. See, e.g., <u>Brownlee v. State</u>, 666 So. 2d 91, 93 (Ala. Crim. App. 1995) ("We will not review issues not listed and argued in brief.").

  Claims (1), (2)(a), and (2)(c), as set out above, are barred by Rule 32.2(a)(5), Ala.R.Crim.P., because they could have been, but were not, raised and addressed on appeal. See, e.g., <u>Bearden v. State</u>, 825 So. 2d 868 (Ala. Crim. App. 2001); <u>Duren v. State</u>, 813 So. 2d 928 (Ala. Crim. App. 2000); and <u>Sumlin v. State</u>, 710 So. 2d 941 (Ala. Crim. App. 1998) (all holding challenges to an arrest warrant are not jurisdictional). Holloway's argument that the procedural bars should not apply to his claims is unpersuasive. See, e.g., <u>Davis v. State</u>, [Ms. CR-03-2086, August 25, 2006] ___ So. 2d ___, ___ (Ala. Crim. App. 2006) ("An Alabama court has no authority to excuse a procedurally defaulted claim.").

Holloway also appears to argue on appeal that the circuit court erred in denying his claims without addressing the merits and issuing specific findings of fact. However, because Holloway's claims were procedurally barred, the circuit court was not required to address their merits. Moreover, because Holloway's claims were barred, summary denial of Holloway's petition was proper, and "'Rule 32.7 does not require the trial court to make specific findings of fact upon a summary dismissal.'" Duren v. State, 813 So. 2d 928, 930 (Ala. Crim. App. 2000), quoting Fincher v. State, 724 So. 2d 87, 89 (Ala. Crim. App. 1998).

Based on the foregoing, the judgment of the circuit court is affirmed.

(Doc. 10, Ex. 3D).

A careful review of the record reveals that the portion of Holloway's claim 2 attacking the defectiveness of the indictments and his claim 3 were deemed abandoned by the appellate court because he failed to address those issues in his appellate brief. See Gary v. Hall, 558 F.3d 1229, 1249 (11th Cir. 2009) (citing Tanner Advertising Group, LLC v. Fayette County, Ga., 451 F.3d 777, 785 (11th Cir. 2006) ("Under the established law of this Circuit, 'issues that clearly are not designated in the initial brief ordinarily are considered abandoned.'")). Thus, the only claims raised in Holloway's appellate brief and upon which he sought review are his claim 1 and that portion of claim 2 related to the alleged defectiveness of the complaints and arrest warrants. With respect to these two claims, the record reflects that Holloway failed to present these claims to the state courts on direct appeal. (Docs. 1; 7; 10, Ex. 3D). See Ala. R. Crim. P. 32.2(a)(5).

Additionally, Holloway failed to request a rehearing and to petition the Alabama Supreme Court following the decision of the Alabama Court of Criminal Appeals during his state collateral review proceedings.  See Pruitt v. Jones, 348 F.3d 1355 (11ᵗʰ Cir. 2003) ("[W]e find no error in the district court's conclusion that Pruitt failed to exhaust his state remedies by not petitioning the Alabama Supreme Court for discretionary review of the denial of his state habeas petition.").  Thus, Holloway has failed to exhaust each of his federal habeas claims, and any attempt by Holloway to raise them now in the state court would be futile.  See Ala. R. Crim. Pro. 32.2(b) (barring a second or successive petition on any ground that was known at the time that the first petition was heard).  Accordingly, each of Holloway's habeas claims are procedurally defaulted.

The law is clear that, if a state prisoner raises his claims in state court, but fails to raise them in an appropriate state procedural manner and is denied relief on the basis of an independent and adequate state procedural rule, he is barred from federal habeas relief unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law.  Coleman, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the

prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."). See also Gates, 863 F.2d at 1500; Medina, 59 F.3d at 1107.

In determining whether a state court has denied a prisoner's claim based on an independent and adequate state procedural rule, the Eleventh Circuit has established a three-part test.  "First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim."  Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). "Secondly, the state court's decision must rest solidly on state law grounds, and may not be 'intertwined with an interpretation of federal law.'" Id.  "Finally, the state procedural rule must be adequate; *i.e.*, it must not be applied in an arbitrary or unprecedented fashion;" it must not "be 'manifestly unfair' in its treatment of the petitioner's federal constitutional claim," id.; and it must be firmly established and regularly followed.  Cochran v. Herring, 43 F.3d 1404, 1408 (11th Cir. 1995) (citing  Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

Based on the Court's review of this state court rule and the

12

state court proceedings with respect to Holloway's claims, the Court is satisfied that the state procedural law was firmly established and regularly followed, and the procedural bar was fairly and non-arbitrarily applied.  Therefore, Holloway's habeas claims were defaulted in state court pursuant to an independent and adequate state procedural ground.

Because Holloway's habeas claims are likewise procedurally defaulted in this Court, the undersigned must determine whether he has demonstrated cause for the defaults and actual prejudice as a result of the alleged violations of federal law or that failure to consider the claims will result in a fundamental miscarriage of justice. "Cause" for a procedural default exists if "the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," or that the procedural default was the result of ineffective assistance of counsel.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  To establish "prejudice," the petitioner additionally must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original).  In the absence of a showing of cause and prejudice, the Court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has

"probably resulted in the conviction of one who is actually innocent." Smith v. Murray, 477 U.S. 527, 537-38 (1986).

Having duly considered Holloway's petition, as well as all information contained in the court record, the undersigned finds that Holloway has failed to establish, let alone allege, that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule," or that the cause for the procedural default was the result of ineffective assistance of counsel. Murray, 477 U.S. at 488. Moreover, Holloway has failed to show, or even allege, that he is actually innocent of the offense for which he was convicted and sentenced, thereby establishing that a fundamental miscarriage of justice would occur if this Court did not consider these claims. Id. at 496. Therefore, the Court finds that Holloway has failed to establish cause and prejudice as those terms are defined by law, and he has failed to establish that a denial of review constitutes a fundamental miscarriage of justice. Accordingly, his habeas claims are procedurally barred in this Court and are due to be dismissed.

### CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Holloway's rights were not violated and that his request for habeas corpus relief should be denied.  It is so recommended.

The attached sheet contains important information regarding

14

objections to the report and recommendation of the Magistrate

Judge.

      **DONE** this **10th** day of **July, 2009.**


                                           **/S/  SONJA  F.  BIVINS**
                                    **UNITED  STATES  MAGISTRATE  JUDGE**